Stephanie Sheridan (CA 135910)
Christopher Stretch (CA 166752)
Meegan B. Brooks (CA 298570)
Nicolette Shamsian (CA 341466)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:628.600.2250
Facsimile: 628.221.5828
ssheridan@beneschlaw.com
cstretch@beneschlaw.com
mbrooks@beneschlaw.com
nshamsian@beneschlaw.com

Attorneys for Defendant
TREK BICYCLE CORPORATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN CROWE, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TREK BICYCLE CORPORATION, <br><br> Defendants. | Case No. 1:25-cv-00133-KES-BAM <br><br> **DEFENDANT TREK BICYCLE CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: August 4, 2025 <br> Time: 1:30 p.m. <br> Courtroom: 6 <br> Judge: Hon. Kirk E. Sherriff |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 4, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard in-person before the Honorable Kirk E. Sherriff of the United States District Court for the Eastern District of California, Courtroom 6, 7th Floor of the United States Courthouse, 2500 Tulare Street, Fresno, CA 93721, Defendant Trek Bicycle Corp. ("Trek") will and hereby does move this Court for an order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(2) for lack of personal jurisdiction.

Plaintiff's claims fail to satisfy Rules 8 and 9(b) because Plaintiff does not allege sufficient facts to support her claim that Defendant's reference prices were false or deceptive. Plaintiff's common-law claims fail on several additional factual and legal grounds, including that they do not identify which state's laws they invoke, did not provide pre-suit notice of any alleged breach of contract, and the economic loss rule bars her misrepresentation claims. Plaintiff also cannot seek equitable relief—i.e., restitution or injunctive relief—because she does not explain why damages are an inadequate remedy.

In the alternative, the Court should also strike Plaintiffs' nationwide claims, because pursuant to Rule 12(b)(2), the Court lacks personal jurisdiction over claims from out-of-state shoppers, because Trek is not "at home" in California.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice and exhibits thereto, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Pursuant to this Court's Standing Order, this Motion is made following multiple conferences of counsel, beginning on February 19, 2025, continuing on May 2, 2025, and through several email exchanges.

///

///

///

Dated:  May 14, 2025                    Respectfully submitted,

                                        */s/ Meegan B. Brooks*
                                        STEPHANIE SHERIDAN (CA 135910)
                                        CHRISTOPHER STRETCH (CA 166752)
                                        MEEGAN B. BROOKS (CA 298570)
                                        NICOLETTE SHAMSIAN (CA 341466)
                                        Benesch, Friedlander, Coplan & Aronoff LLP

                                        Attorneys for Defendant
                                        TREK BICYCLE CORPORATION

**DEFENDANT TREK BICYCLE CORPORATION'S MOTION TO DISMISS**
**Case No. 4:25-cv-00771-KAW**

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................. 1

II.    FACTUAL BACKGROUND............................................................... 2

    A.     What Is in the Complaint .......................................................... 2

    B.     What Is Not in the Complaint ................................................... 3

III.   APPLICABLE LEGAL STANDARD ................................................ 4

IV.    ARGUMENT....................................................................................... 6

    A.     Plaintiff Fails to Plead Deceptive Conduct by Trek ................ 6

        1.     Plaintiff Cannot State a Claim Under Any Theory Having Ignored Other Retailers' Pricing for the Same Headband ................... 6

        2.     Plaintiff Does Not Plead Facts Suggesting that Trek Never Offered the Headband at Full Price ..................................... 10

        3.     Plaintiff Cannot Fill the Evidentiary Gap with Allegations About Products She Never Purchased ................................. 11

    B.     Plaintiff Has Failed to State a Claim Under Any Common-Law Theory............................................................... 12

        1.     Plaintiff's Intentional- and Negligent-Misrepresentation Claims Are Barred Under the Economic-Loss Rule........................... 13

        2.     Plaintiff Has Not Stated a Claim for Unjust Enrichment ................... 13

        3.     The Court Should Also Dismiss Plaintiff's Contract Claim.............. 15

    C.     Plaintiff's Claims for Equitable Relief Are Barred as a Matter of Law Because Plaintiff Has Not Adequately Pled that She Lacks an Adequate Remedy at Law .......................................................... 18

    D.     In the Alternative, the Court Should Strike Plaintiff's Nationwide Claims for Lack of Personal Jurisdiction ...................................... 20

V.     CONCLUSION.................................................................................. 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Chevron Corp.*,
  656 F.3d 925 (9th Cir. 2011) ...............................................................9, 15, 16

*In re Ambry Genetics Data Breach Litig.*,
  567 F. Supp. 3d 1130 (C.D. Cal. 2021) .......................................................... 16

*Anderson v. Apple Inc.*,
  500 F. Supp. 3d 993 (N.D. Cal. 2020) ............................................................ 19

*In re Anthem, Inc. Data Breach Litig.*,
  162 F. Supp. 3d 953 (N.D. Cal. 2016) ............................................................ 16

*In re Apple Processor Litig.*,
  No. 22-16164, 2023 WL 5950622 (9th Cir. 2023) .......................................... 18

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 4

*Augustine v. Talking Rain Bev. Co.*,
  386 F. Supp. 3d 1317 (S.D. Cal. 2019) ........................................................... 12

*Azimpour v. Sears, Roebuck & Co.*,
  15-CV-2798 J:S, 2016 WL 7626188 (S.D. Cal. Oct. 17, 2016)...................... 12

*Barrett v. Apple Inc.*,
  523 F. Supp. 3d 1132 (N.D. Cal. 2021) .......................................................... 19

*Beacon Theatres, Inc. v. Westover*,
  359 U.S. 500 (1959)........................................................................................... 18

*Beecher v. Google N. Am. Inc.*,
  No. 18-CV-00753-BLF, 2018 WL 4904914 (N.D. Cal. Oct. 9, 2018) ......... 17

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................. 4

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ........................................................................... 5

*Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*,
   582 U.S. 255 (2017).............................................................................. 20, 21

*Browning v. Am. Honda Motor Co.*,
   549 F. Supp. 3d 996 (N.D. Cal. 2021) ......................................................... 19

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
   761 F.3d 732 (7th Cir. 2014) ....................................................................... 11

*Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*,
   169 Cal. App. 4th 116 (2008) ....................................................................... 15

*Carvalho v. HP, Inc.*,
   No. 5:21-cv-08015-BLF, 2022 WL 2290595 (N.D. Cal. June 24, 2022) ................. 6, 7

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ................................................................................ 9

*ChromaDex, Inc. v. Elysium Health, Inc.*,
   No. SACV1602277CJCDFMX, 2020 WL 1279236 (C.D. Cal. Jan. 16, 2020)........... 16

*Clark v. Am. Honda Motor Co.*,
   528 F. Supp. 3d 1108 (C.D. Cal. 2021) ......................................................... 19

*Curtis v. Loether*,
   415 U.S. 189 (1974)................................................................................... 18

*Dennis v. Ralph Lauren Corp.*,
   No. 16CV1056-WQH-BGS, 2016 WL 7387356 (S.D. Cal. 2016) ............................ 7

*eBay v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006).................................................................................... 18

*Ebner v. Fresh, Inc.*,
   818 F.3d 799 (9th Cir. 2016) ....................................................................... 14

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ......................................................................... 9

*Edgerly v. City of San Francisco*,
   599 F.3d 946 (9th Cir. 2010) ......................................................................... 9

*Evans v. DSW, Inc.*,
   No. CV 16-3791 JGB (SPX), 2017 WL 7058232 (C.D. Cal. Sept. 14, 2017)............. 16

*Fisher v. Eddie Bauer LLC*,
    No. 19CV857 JM (WVG), 2019 WL 9467922 (S.D. Cal. Oct. 18, 2019) ................... 11

*Franklin v. Gwinnett Cty. Pub. Sch.*,
    503 U.S. 60 (1992) ....................................................................................................... 18

*Gibson v. Jaguar Land Rover N. Am.*, *LLC*,
    No. 2:20-cv-00769, 2020 WL 5492990 (C.D. Cal. Sep. 9, 2020) ............................... 19

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ...................................................................................... 4

*GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994), *superseded by statute on other grounds as stated in
    Johnson v. Wal-Mart Stores, Inc.*, 544 F. App'x 696 (9th Cir. 2013) ........................... 5

*Gray & Co. v. Firstenberg Mach*. *Co.*,
    913 F.2d 758 (9th Cir. 1990) ...................................................................................... 20

*Guzman v. Polaris Indus. Inc.*,
    49 F.4th 1308 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*,
    No. 22-987, 2023 WL 3937623 (U.S. June 12, 2023) ................................................ 18

*Hovsepian v. Apple, Inc.*,
    No. 08-5788 JF (PVT), 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ....................... 14

*Ice v. Hobby Lobby Stores, Inc.*,
    No. 1:14CV744, 2015 WL 5731290 (N.D. Ohio 2015) ............................................... 17

*Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*,
    998 F.3d 397 (9th Cir. 2021) ........................................................................................ 5

*Jacobo v. Ross Stores, Inc.*,
    No. CV-15-04701-MWF-AGR, 2016 WL 3482041 (C.D. Cal. Feb. 23, 2016) ........... 7

*Kim v. Carter's Inc.*,
    598 F.3d 362 (7th Cir. 2010) ...................................................................................... 17

*King v. MKS Instruments, Inc.*,
    No. 8:17-cv-01572, 2017 WL 11636659 (C.D. Cal. Nov. 21, 2017) ........................... 17

*Klein v. Chevron U.S.A., Inc.*,
    202 Cal. App. 4th 1342 (2012), *as modified on denial of reh'g* (Feb. 24, 2012) ......... 14

iv

*Lisner v. SPARC Grp. LLC*,
    2021 WL 6284158 (C.D. Cal. Dec. 29, 2021)......................................................... 11, 12

*In re MacBook Keyboard Litig.*,
    No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ..................... 19

*Mattel, Inc. v. Greiner & Hausser GmbH*,
    354 F.3d 857 (9th Cir. 2003) ....................................................................................... 20

*Matus v. Premium Nutraceuticals, LLC*,
    715 F. App'x 662 (9th Cir. 2018) ........................................................................... 20, 21

*McBride v. Boughton*,
    123 Cal. App. 4th 379 (2004) .................................................................................. 13, 14

*Moody v. Hot Topic, Inc.*,
    No. EDCV230447JGBSPX, 2023 WL 9511159 (C.D. Cal. Nov. 15, 2023)................. 5

*Multifamily Captive Grp., LLC v. Assur. Risk Managers, Inc.*,
    629 F. Supp. 2d 1135 (E.D. Cal. 2009) ........................................................................ 13

*Nacarino v. Chobani, LLC*,
    No. 20-CV-07437-EMC, 2021 WL 3487117 (N.D. Cal. Aug. 9, 2021)...................... 19

*In re Nexus 6P Prods. Liab. Litig.*,
    293 F. Supp. 3d 888 (N.D. Cal. Mar. 5, 2018) ............................................................ 13

*Nunez v. Best Buy Co.*,
    315 F.R.D. 245 (D. Minn. 2016) ................................................................................. 12

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009).........14

*Prescott v. Reckitt Benckiser LLC*,
    No. 20-cv-02101-BLF, 2020 WL 7075624 (N.D. Cal. Dec. 3, 2020) ........................... 5

*Purcelley v. Ekster Inc.*,
    No. 2:23-CV-07908-WLH-JC, 2024 WL 2107710 (C.D. Cal. Apr. 4, 2024)............ 6, 7

*Rael v. Dooney & Bourke, Inc.*,
    No. 19-cv-6147 (JGK), 2016 WL 3952219 (S.D. Cal. July 22, 2016) .................. 10, 11

*Rael v. N.Y. & Co., Inc.*,
    No. 16-cv-369-BAS (JMA), 2016 WL 7655247 (S.D. Cal. Dec. 28, 2016)............... 11

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ................................................................................ 20

*Reitman v. Champion Petfoods USA, Inc.*,
    No. CV181736DOCJPRX, 2018 WL 4945645 (C.D. Cal. Oct. 10, 2018) ................. 21

*Robey v. PVH Corp.*,
    495 F. Supp. 3d 311 (S.D.N.Y. 2020) .................................................................... 12

*Robinson Helicopter Co. v. Dana Corp.*,
    34 Cal. 4th 979 (2004) ........................................................................................... 13

*Romero v. Flowers Bakeries*,
    LLC, No. 14-CV-05189-BLF, 2016 WL 469370 (N.D. Cal. Feb. 8, 2016) ............... 13

*Rubin v. Green*,
    4 Cal. 4th 1187 (1993) ............................................................................................. 9

*Rutherford Holdings, LLC v. Plaza Del Rey*,
    223 Cal. App. 4th 221 (2014) ................................................................................. 14

*S. Cal. Stroke Rehab. Assocs. v. Nautilus, Inc.*,
    554 F. App'x 656 (9th Cir. 2014) ........................................................................... 15

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
    No. 16-CV-06391-BLF, 2018 WL 1576457 (N.D. Cal. Mar. 30, 2018) ................... 22

*Saroya v. Univ. of the Pac.*,
    503 F. Supp. 3d 986 (N.D. Cal. 2020) .................................................................... 14

*Schertzer v. Samsonite Company Stores, LLC*,
    No. 19-CV-639 JLS (MSB), 2020 WL 4281990 (S.D. Cal. 2020) ............................. 7

*Schroeder v. United States*,
    569 F.3d 956 (9th Cir. 2009) ................................................................................. 18

*Seegert v. Luxottica Retail N. Am., Inc.*,
    No. 17CV1372 ................................................................................................ 10, 11

*Shaulis v. Nordstrom Inc.*,
    120 F. Supp. 3d 40 (D. Mass. 2015) ....................................................................... 17

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ............................................................................ 18, 19

*Sperling v. DSW Inc.*,
   15-cv-1366-JGB(SPx), 2016 WL 354319 (C.D. Cal. Jan. 28, 2016), *aff'd* 699 Fed. Appx 654 ................................................................................................ 10

*Sperling v. DSW Inc.*,
   2015 WL 13309476 (C.D. Cal. Nov. 19, 2015) ............................................. 7

*Sperling v. DSWC, Inc.*,
   699 Fed. Appx. 654 (9th Cir. 2017)......................................................... 7, 10

*Sperling v. Stein Mart, Inc.*,
   291 F. Supp. 3d 1076 (C.D. Cal. 2018) .................................................. 7, 10

*Stearns v. Select Comfort Retail Corp.*,
   763 F. Supp. 2d 1128 (N.D. Cal. 2010)...................................................... 15

*Strum v. Exxon Co., U.S.A.*,
   15 F.3d 327 (4th Cir. 1994) ......................................................................... 5

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..................................................................... 5

*Vizcarra v. Michaels Stores, Inc.*,
   No. 23-cv-00468-PCP, 2024 WL 64747 (N.D. Cal., Jan. 5, 2024).............. 14

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ..................................................................... 18

*Wu v. iTalk Glob. Commc'ns, Inc.*,
   No. 2:20-cv-07150, 2021 WL 5176799 (C.D. Cal. Feb. 2, 2021)................ 19

*Zapata Fonseca v. Goya Foods Inc.*,
   No. 16-CV-02559-LHK, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ....... 18

*Zuehlsdorf v. FCA US LLC*,
   No. EDCV 18-1877 JGB, 2019 WL 2098352 (C.D. Cal. Apr. 30, 2019).... 21

**Statutes**

Bus & Prof. Code § 17501 .......................................................... 8, 9, 10

Business and Professions Code § 17200............................................. 9

Cal. Com. Code § 2102 ................................................................... 15

California Commercial Code § 2607(3)(A) ........................................................ 15

California's Consumers Legal Remedies Act .......................................... *passim*

False Advertising Law ............................................................................ *passim*

Unfair Competition Law ......................................................................... *passim*

**Other Authorities**

30 Op. Atty. Gen. 127 (1957) ....................................................................... 9

Fed. R. Civ. P. 8(a)(2) ................................................................................. 4

Fed. R. Civ. P. 9(b) ............................................................................... *passim*

Fed. R. Civ. P. 12(b)(2) .............................................................................. 20

Fed. R. Civ. P. 12(b)(6) .......................................................................... 4, 18

**DEFENDANT TREK BICYCLE CORPORATION'S MOTION TO DISMISS**
**Case No. 1:25-cv-00133-KES-BAM**

## I.    INTRODUCTION

Plaintiff's Complaint mirrors the onslaught of pricing cases filed against retailers in recent years—including eight nearly identical suits filed in the last several months by her counsel in this case.[1]  This case, however, lacks the hallmark elements of a "fake discount" claim.  The exact item at issue—a cycling headband manufactured by Trek—is still, to this day, offered by at least seven other retailers for its allegedly "deceptive" reference price of $20.99.  Plaintiff Erin Crowe paid just $9.99 for the same item seven months ago.  Thus, not only did Plaintiff get the exact item she wanted, at the exact price she agreed to pay— she got a great deal, as compared to what she would have paid elsewhere.  The Court should dismiss the Complaint out the gate, as California law expressly allows "former prices" to be based on the "market price" of a given item, which is precisely what Trek has done here.

While Plaintiff alleges—incorrectly—that Trek perpetually offered the headband on sale, she supplies zero facts to support this claim.  In fact, she fails to identify a single other day that the headband was offered at a discount.  Instead, Plaintiff's reflexive—and circular—assumption is that: *I bought this item on sale, therefore the sale must be false*.  Plaintiff's "because I say so" allegations fall well short of her pleading obligations under Rules 8 and 9(b).

Plaintiff's common law claims likewise fail for multiple reasons.  First, while she purports to bring nationwide claims for fraud, negligent misrepresentation, unjust enrichment, and breach of contract, she did not identify which state's laws the Court should apply.  Plaintiff's misrepresentation claims fail under the economic-loss doctrine, because

---

[1] *Krantz v. Old Copper Co., Inc. et al*, No. 2:24-cv-10031-SPG-BFM (C.D. Cal. Nov. 11, 2024); *Paya v. Macy's Inc.*, No. 2:24-cv-10065-JLS-PD (C.D. Cal. Nov. 21, 2024); *Perez v. Build-A-Bear Workshop, Inc.*, No. 3:24-cv-02268-AGS-DEB (S.D. Cal. Dec. 5, 2024); *Bradley v. Luxottica of America, Inc.*, No. 3:24-cv-02401-L-AHG (S.D. Cal. Dec. 19, 2024); *Recek v. Von Maur, Inc*, No. 1:25-cv-00044-JLT-SKO (E.D. Cal. Jan. 9, 2025); *Orona v. Patagonia, Inc.*, No. 3:25-cv-00140-MMA-AHG (S.D. Cal. Jan. 22, 2025); *Colby v. Skechers U.S.A. Inc.*, No. 2:25-cv-00843-MRA-ADS (C.D. Cal. Jan. 30, 2025); *Cook v. L.L.Bean, Inc.*, No. 1:25-cv-00133-KES-BAM (C.D. Cal. Nov. 1, 2024).

**DEFENDANT TREK BICYCLE CORPORATION'S MOTION TO DISMISS**
**Case No. 1:25-cv-00133-KES-BAM**

she alleges purely economic loss arising from the alleged breach of contract—a claim that itself fails because she did not provide notice of the alleged breach, nor identify any term that was supposedly breached. Plaintiff cannot bring an unjust enrichment claim because California does not recognize that claim. Plaintiff cannot seek equitable relief—i.e., restitution or injunctive relief—because she does not explain why damages are an inadequate remedy. And at the very least, the Court should strike Plaintiff's nationwide class claims because the Court lacks personal jurisdiction over putative class members who made their purchases outside of California.

## II.   FACTUAL BACKGROUND

### A.   What Is in the Complaint

Founded in 1976, Trek is a well-known, employee-owned, American manufacturer and wholesaler of bicycles and related products, based in Waterloo, Wisconsin. Trek products are sold by third-party bike shops across the country. At issue here, Trek also sells its products directly to customers through its website, Trekbikes.com. Only a small percentage of sales occur via the website, which is operated primarily for the convenience of Trek customers.

Plaintiff is a California resident who purchased a Bontrager Thermal Cycling Headband (the "Headband") from Trek's website on October 12, 2024. Compl. ¶ 46–47.[2] The Headband was allegedly on "sale" from $20.99 and Plaintiff paid just $9.99. *Id*. ¶ 47–48. She now claims the advertised discount "wasn't a deal" because "[d]efendant rarely, if ever, offered its products at the advertised 'regular' reference prices" and "[t]he actual value of the product purchased did not match the inflated reference price Plaintiff was led to believe was the true value of the product." *Id*. ¶ 50.

Just over two weeks after placing her order, on November 1, 2024, (Compl. ¶ 137), Plaintiff sent notice to Trek that she intended to file this lawsuit.

---

[2] Trek Bicycle Corporation acquired Bontrager Cycles in 1995. Today, Bontrager remains a prominent brand under Trek, known for its high-performance cycling components and accessories.

On behalf of a nationwide class of Trek customers who bought anything at a discount "that was not advertised for sale at the reference price at any point in the 90 days preceding their purchase," Plaintiff purports to bring claims for fraud, negligent misrepresentation, breach of contract, and unjust enrichment; however, she does not specify which state's law she claims govern her common-law claims. Additionally, on behalf of a California sub-class, she brings claims under California's Consumers Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law ("UCL").

**B.    What Is Not in the Complaint**

Plaintiff's 57-page Complaint does not identify facts to support her theory that the Headband she purchased was always on sale—by Trek or anyone else. Instead, the Complaint identifies a single day that the Headband was offered at a discount: the date on which Plaintiff purchased it. Compl. ¶ 46–48.

The Complaint alleges that "Trek rarely, if ever, offered its products at the 'regular' reference prices, and did not do so for the product Plaintiff purchased at any time in the 90 days prior to that purchase." *Id.* at ¶ 50. But Plaintiff does not allege *any* facts to support this conclusion. She does not claim to have reviewed the Headband's pricing at any time, much less identify what type of data was collected, how frequently, or in what channels. Plaintiff does not claim to have investigated the Headband's pricing in a single store, or on any third-party website. Nor does she explain how she could have been deceived on October 12, 2024, if she had in fact been purportedly tracking the same Headband for months.

Plaintiff attempts to support her claim about the Headband by asserting that various other Trek products were "on sale" from February 1, 2024, through May 10, 2024 (many months before her purchase). *Id.* ¶ 39. Plaintiff purchased *none* of these items. Nor does she identify a single date that any of these items were "investigated." Instead, it appears Plaintiff assumes that because these irrelevant items were on sale on two dates, February 1, 2024, and May 10, 2024, they must have been on sale every day in between. While the Complaint identifies a handful of dates that one irrelevant item (a bike tire, *see* Compl. ¶¶

41–44) was offered at a discount, once every other month, these sporadic sales do not suggest that the tire—much less the Headband, or any other item—was **always** on sale.

Plaintiff does not allege any injury caused by her purchase. She does not claim that the Headband was damaged or defective, did not meet her expectations, or that she could have bought the same item for less than the $9.99 she paid. To this day, at least seven other retailers continue to sell the same Headband for the $20.99 reference price and more. *See* Request for Judicial Notice ("RJN"), Ex. A. The fact that Trek sold this Headband for less than half of what other retailers get for it does not make Trek's prices deceptive—it means that Trek offered—and Plaintiff received—a spectacular deal.

Plaintiff also omits that Trek maintains a clear return policy allowing customers to return products within 30 days for a full refund—an option she never pursued. *See* RJN, Ex. B. Trek then reiterated its willingness to provide a full refund if Plaintiff was dissatisfied after receiving her CLRA notice letter. If Plaintiff truly believed she had been deceived, she could have easily obtained her money back through this straightforward process. Her refusal to do so undermines any claim of actual injury.

## III.    APPLICABLE LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the Complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. Further, Courts need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

All of Plaintiff's claims are subject to Rule 9(b)'s heightened pleading standard,

because she alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003); *see also*, *e.g.*, *Moody v. Hot Topic, Inc.,* No. EDCV230447JGBSPX, 2023 WL 9511159, at *9 (C.D. Cal. Nov. 15, 2023) ("Plaintiffs' breach of contract and warranty claims are all based on allegations that Defendant made false or misleading statements about its products' market value and purported discounts ... These claims are based on the same allegations as Plaintiffs' FAL, UCL, CLRA, intentional misrepresentation, and negligent misrepresentation claims, which are subject to the heightened pleading standard of Rule 9(b)."); *Prescott v. Reckitt Benckiser LLC,* No. 20-cv-02101-BLF, 2020 WL 7075624, at *4 (N.D. Cal. Dec. 3, 2020) (same).

To satisfy this standard, Plaintiff must plead evidentiary facts giving rise to an inference that the allegedly fraudulent statements were false when made. *GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549–53 (9th Cir. 1994), *superseded by statute on other grounds as stated in Johnson v. Wal-Mart Stores, Inc.*, 544 F. App'x 696 (9th Cir. 2013). Put simply, Plaintiff cannot "simply cry fraud" to satisfy Rule 9(b). *Strum v. Exxon Co., U.S.A.,* 15 F.3d 327, 331 (4th Cir. 1994). The Ninth Circuit has emphasized the importance of this heightened standard:

> Because allegations of fraud inescapably carry a degree of moral turpitude, Rule 9(b) imparts a heightened note of seriousness, requiring a greater degree of pre-discovery investigation by the plaintiff, followed by the plaintiff's required particular allegations, thereby protecting a defendant's reputation from frivolous and unfounded allegations.

*Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 404 (9th Cir. 2021); *see also Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (Rule 9(b) "prohibit[s] plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.").

///

///

## IV.    ARGUMENT

### A.    Plaintiff Fails to Plead Deceptive Conduct by Trek

Plaintiff insists that the $20.99 reference price on her Headband was false or deceptive because Trek itself never offered the Headband at that price.  She does not allege any facts to support this theory.  However, a more immediate issue dooms her case: she ignores that California law allows Trek, as a manufacturer, to list its own MSRP as a reference price where (as here) the same item is widely offered at that price.  Plaintiff disregards that the Headband is a non-exclusive item whose reference price can be established by other retailers' prices.  Judicially noticeable documents show that even today, seven months after Plaintiff's purchase, the same Headband continues to be sold by other retailers for $20.99.

### 1.    *Plaintiff Cannot State a Claim Under Any Theory Having Ignored Other Retailers' Pricing for the Same Headband*

In deceptive pricing cases, when assessing whether a complaint has satisfied Rule 9(b)'s standards, district courts in California draw a distinction between those cases where a given product is exclusively sold by the retailer defendant ("exclusive product cases"), and those where the product is also sold by other retailers ("non-exclusive product cases"). *See e.g., Purcelley v. Ekster Inc.*, No. 2:23-CV-07908-WLH-JC, 2024 WL 2107710, at *4 (C.D. Cal. Apr. 4, 2024) (citing *Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1084 (C.D. Cal. 2018)); *Carvalho v. HP, Inc.*, No. 5:21-cv-08015-BLF, 2022 WL 2290595, at **4–5 (N.D. Cal. June 24, 2022).  Here, Plaintiff attempts to inoculate her claims by limiting the reference price to only that offered by Trek.  Comp. ¶ 50.  But where a complaint does not or cannot adequately allege the defendant was an "exclusive retailer," then plaintiffs are required to plead that the reference price is deceptive under a non-exclusive retailer theory of liability. *Purcelley*, 2024 WL 2107710, at *5; *Carvalho*, 2022 WL 2290595, at *4–5.

Where multiple retailers offer the product for sale, alleging that a single, specifically accused retailer (here, Trek) did not previously offer the item at full price is not, in itself,

sufficient to state a claim for deceptive pricing, because "[t]he other possibility . . . is that the Reference Price is not misleading at all but rather an accurate reflection of what third-party sellers charge for the same or similar goods." *Purcelley*, 2024 WL 2107710, at *4; *see also id*. (prices charged by other retailers are therefore "legitimate prices to which to compare the defendant's comparative reference price.").  Instead, plaintiffs must allege "that a 'reasonable investigation' of third-party sellers of similar or the same goods shows that the reference price is misleading."  *Purcelley*, 2024 WL 2107710, at *4; *see also Carvalho*, 2022 WL 2290595, at **2, 4 (dismissing UCL/FAL/CLRA claims for failure to allege sufficient facts regarding non-exclusive products).  Such allegations are critical, because "[i]f other retailers did sell the products at issue for the MSRPs or more, then the comparative reference prices would not be deceptive." *Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1085 (C.D. Cal. 2018) (granting summary judgment in favor of the retailer because other retailers were selling the same product (under different brand names) for more than its allegedly misleading reference price).

Thus, in *Dennis* and *Scherzer*, the courts found that the plaintiffs could not state a claim that the defendants' reference pricing was deceptive without investigating "other locations offering [the challenged] products, such as … high-end department stores, and related online stores.'"  *Dennis v. Ralph Lauren Corp*., No. 16CV1056-WQH-BGS, 2016 WL 7387356, at *4 (S.D. Cal. 2016); *Schertzer v. Samsonite Company Stores, LLC*, No. 19-CV-639 JLS (MSB), 2020 WL 4281990, at *5 (S.D. Cal. 2020) (no investigation into non-outlet retail stores or other authorized retailers).  Similarly, in *Sperling* and *Jacobo*, the courts did not accept plaintiffs' "conclusory" allegations that defendants' pricing "do[es] not represent the prevailing market price" for non-exclusive products where plaintiff did not provide facts about market prices. *Sperling v. DSW Inc.*, 2015 WL 13309476, at *8-9 (C.D. Cal. Nov. 19, 2015) (aff'd *Sperling v. DSWC, Inc.*, 699 Fed. Appx. 654 (9th Cir. 2017)); *Jacobo v. Ross Stores, Inc*., No. CV-15-04701-MWF-AGR, 2016 WL 3482041, at *5 (C.D. Cal. Feb. 23, 2016) (plaintiff "cannot advance past the pleading stage" until claims pled with particularity that they were misled, "based on specific facts,

such as the exact prices of identical goods offered for sale by other merchants," or that "identical items could not be found at other stores in the area").

Here, rather than alleging any facts about other retailers' pricing for the Headband, Plaintiff ignores non-Trek retailers altogether. Had Plaintiff conducted even a minimal investigation, she would have discovered that at least seven other established and reputable retailers currently sell the exact same Headband—more than six months after her purchase—at the MSRP reference price that Trek displayed—and in some cases, for even more. *See* RJN, Exhibit A.[3] Having failed to allege facts about the market for the Headband, Plaintiff's claims under Bus & Prof. Code § 17501, the FAL, the UCL, and CLRA all fail.

First, Plaintiff cannot proceed under California's Former Price Law, Cal. Bus. & Prof. § 17501 (emphasis added), which provides:

> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the ***prevailing market price*** as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

As set forth above, Plaintiff's contention that Trek did not offer the Headband at full price during the 90 days preceding her purchase is not the relevant test.

In *People v. Superior Ct. (J.C. Penney Corp.)*, the California Court of Appeal held that in complying with Section 17501, the relevant "market" for determining a prevailing market price includes all retailers who sell the same (or even similar) items. 34 Cal. App. 5th 376, 397 (2019), *as modified on denial of reh'g* (May 6, 2019). That is, a reference price could be based on "an item's former market value (as based on the prices offered by other sellers in the market)" when that price "differed from the retailer's own former price." *Id*. at 397. This reading is consistent with (and partially based on) a 1957 opinion from the

---

[3] This judicially noticeable fact also derails Plaintiff's conclusory allegation that "The actual value of the [Headband] purchased did not match the inflated reference price Plaintiff was led to believe was the true value of the product." Compl. ¶ 50.

California Attorney General, which concluded that "[t]he phrase 'prevailing market price' means the predominating price that may be obtained for merchandise similar to the article in question on the open market and within the community where the article is sold."  30 Op. Atty. Gen. 127 (1957) (attached at RJN, Exhibit C); Cf. *Edgerly v. City of San Francisco*, 599 F.3d 946, 956 (9th Cir. 2010) (finding Attorney General's opinion highly persuasive in interpreting statute).

Having failed to state a claim specifically under Section 17501, Plaintiff cannot plead around that failure by basing her claim on the UCL, CLRA, or broader FAL.  "If the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).

Put otherwise: "courts may not use the unfair competition law to condemn actions the Legislature permits." *Id*. at 184; see also *Rubin v. Green*, 4 Cal. 4th 1187, 1201 (1993) (affirming the lower court's dismissal and holding that a "safe harbor" "may not be circumvented by recasting the action as one under Business and Professions Code section 17200").  This principle applies with full force to UCL, FAL, and CLRA claims. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (affirming application of safe harbor doctrine to UCL, FAL, and CLRA claims); *Alvarez v. Chevron Corp.*, 656 F.3d 925, 934 (9th Cir. 2011) (affirming grant of motion to dismiss because defendants were "entitled to safe harbor from Plaintiffs' CLRA claims").  Thus, to succeed on any of her statutory theories, Plaintiff must allege that Trek's actions did not fall within conduct that the Legislature permitted by section 17501.

Here, Section 17501 "carves out" conduct that the legislature expressly deems lawful.  *See J.C. Penney Corp.*, 34 Cal. App. 5th at 396 ("when a retailer advertises a 'former' or 'original' price and compares it with a sale price, that 'former' or 'original' price must refer to the prevailing market price of the item.").  Plaintiff has not alleged any facts concerning the "market" for the Headband—she merely alleges the price charged by a single retailer (Trek), on a single day (i.e., when she bought it).  This falls far short of her

9

burden to allege with particularity that Defendant's prices for the Product did not correspond to the "market" prices within the prior 90 days. Because she has not pled a violation of Section 17501, her UCL, FAL, and CLRA claims must also be dismissed.

### 2. *Plaintiff Does Not Plead Facts Suggesting that Trek Never Offered the Headband at Full Price*

Even if the Court were to agree with Plaintiff that a "non-exclusive item" case can proceed based on a theory that a single retailer did not offer the item at full price, Plaintiff alleges no facts to support this theory. The existence of a single day sale does not approximate a showing that the sale was fraudulent. "Simply alleging that … [a given product was] never sold at list or regular price falls short of Plaintiff's pleading burden." *See Seegert v. Luxottica Retail N. Am., Inc.*, No. 17CV1372 JM(BLM), 2018 WL 3472561, at *3–4 (S.D. Cal. July 19, 2018).

Instead, as the Ninth Circuit has held, Plaintiff must allege details concerning the alleged investigation that led her to that conclusion. *Sperling*, 699 Fed. Appx. at 655. In *Sperling*, for example, even though the plaintiff's counsel (unlike Plaintiff here) found the same shoes elsewhere for less than the allegedly inflated reference price, the trial court still dismissed under Rule 9(b) because the complaint was missing critically important facts about the alleged investigation, such as when it took place. *Id.* The Ninth Circuit affirmed. *Id.* Just like in *Sperling*, Plaintiff's conclusory allegations do not show "that Defendants' comparative reference prices … did not reflect market prices at the time they were listed," and thus do not support an inference of deception. *Sperling v. DSW Inc.*, 15-cv-1366-JGB(SPx), 2016 WL 354319, at *7 (C.D. Cal. Jan. 28, 2016), *aff'd* 699 Fed. Appx 654.

Those deficiencies put an end to a complaint, as *Rael v. Dooney & Bourke, Inc.*, No. 19-cv-6147 (JGK), 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016), shows. Even though the *Rael* plaintiff alleged an "extensive investigation of sales and discount pricing advertisements at retail stores throughout … California," the plaintiffs' assurances that the alleged investigation supported the plaintiff's "fake sale" claims did not suffice:

Did he visit any [of defendant's] retail or outlet stores? Did he visit the [defendant's]

website, and if so, on which dates? Which products, if any, are discounted beyond the 90-day period? Did he attempt to search for the [product] purchased by Plaintiff to determine if its pricing was false and if so, on what basis?

*Id.* at *3. Here, Plaintiff does not contend that ***any*** investigation supports her claims, much less "specify a single detail of [her] alleged investigation." *Rael v. N.Y. & Co., Inc.*, No. 16-cv-369-BAS (JMA), 2016 WL 7655247, at *7 (S.D. Cal. Dec. 28, 2016); *see also Lisner v. SPARC Grp. LLC*, 2021 WL 6284158, at *6 (C.D. Cal. Dec. 29, 2021) (dismissing plaintiff's UCL, FAL, and CLRA claims where plaintiff did not allege with specificity an investigation into the pricing information for the items purchased by plaintiffs). Plaintiff has not met her burden to allege facts showing that she "conduct[ed] a pre-complaint investigation 'in sufficient depth to assure that the charge of fraud is responsible and supported.'" *See Seegert*, 2018 WL 3472561 at *3–4 (dismissing pricing claim).

### 3. *Plaintiff Cannot Fill the Evidentiary Gap with Allegations About Products She Never Purchased*

Plaintiff's alleged investigation into a handful of other items she never purchased cannot save her claim. First, Plaintiff provides no factual support for her conclusion that "during the 99-day period from February 1, 2024, through May 10, 2024, the [irrelevant] products have been offered at a 'discount.'" Compl. ¶ 39. Among other problems, the chart she offers fails to indicate whether Plaintiff ever viewed the website on a single date in between the beginning and end dates. As such, Plaintiff has not met her burden under Rule 9(b), which requires specific details about the alleged investigation.

Second, courts routinely reject attempts to rely on allegations about other products to prove that the item Plaintiff purchased was always on sale. As the Seventh Circuit has explained, the fact that a company "offered a number of sales promotions" is insufficient to "show a constant or perpetual sale of any particular merchandise." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 738 (7th Cir. 2014); *see also Fisher v. Eddie Bauer LLC*, No. 19CV857 JM (WVG), 2019 WL 9467922, at *5 (S.D. Cal. Oct. 18, 2019) (an investigation into two products "does not provide sufficient support for his allegation of a

fraudulent pricing scheme involving almost all of the merchandise…").

Thus, in *Lisner v. SPARC,* No. 21-cv-05713, 2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) and *Robey v. PVH Corp.*, 495 F. Supp. 3d 311, 323 (S.D.N.Y. 2020), the courts held that even though the plaintiffs had claimed to use sophisticated tracking software to track tens of thousands of items on a daily basis, they still could not satisfy Rule 9(b) absent facts concerning the specific items they purchased.  Similarly, in *Nunez* and *Azimpour*, the Courts dismissed the complaints under Rule 9(b), notwithstanding the plaintiffs' citations to a third-party study that tracked numerous randomly selected items from each retailer on a recurring basis for 42 weeks and showed that most items were almost always on sale. *Nunez v. Best Buy Co.*, 315 F.R.D. 245, 247, 250 (D. Minn. 2016) and *Azimpour v. Sears, Roebuck & Co.*, 15-CV-2798 J:S (WVG), 2016 WL 7626188, *7 (S.D. Cal. Oct. 17, 2016). Because the study did not "appear to contain data on the particular [items] purchased" by the plaintiffs, it "[did] not substantiate [their] claims as to [those items]." *Azimpour*, 2016 WL 7626188 at *7; *see also Nunez,* 315 F.R.D. at 250 ("the CSS Study lends little—if any—support to the allegation that $199.99 was not the true 'regular' price of the microwave Nunez purchased, because it simply does not address the product.").

The same flaw dooms Plaintiff's theory here: her alleged tracking of unrelated Trek products says nothing about the actual pricing history of the Headband she purchased.

**B.    Plaintiff Has Failed to State a Claim Under Any Common-Law Theory**

Plaintiff's common-law claims—for breach-of-contract, unjust enrichment, fraud and negligent misrepresentation—fail at the outset because the Complaint does not specify which state's law governs these causes of action.  Although Plaintiff is a California resident and asserts these claims on behalf of a nationwide class against Trek, a Wisconsin corporation, she does not clarify whether she seeks to bring claims under California law, Wisconsin law, or the laws of all 50 states.

Plaintiff cannot state a common law claim without identifying the laws pursuant to which she is trying to state a claim.  Federal courts routinely dismiss common law claims when the plaintiff fails to specify the applicable state law.  *See, e.g., Augustine v. Talking*

*Rain Bev. Co.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) (dismissing common law claims for fraud, negligent misrepresentation, and breach of express and implied warranties for failure to allege the applicable law); *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. Mar. 5, 2018) (holding that in order for the Court to determine whether the unjust enrichment claim has been adequately pled, plaintiff must allege the applicable law); *Romero v. Flowers Bakeries*, LLC, No. 14-CV-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016) ("In order for the Court to determine whether a [common law] claim has been adequately pled, Plaintiff must allege the applicable law.").

### 1.    *Plaintiff's Intentional- and Negligent-Misrepresentation Claims Are Barred Under the Economic-Loss Rule*

Plaintiff's intentional and negligent misrepresentation claims are barred by the economic-loss doctrine.  Under that doctrine, tort claims are not permitted where a contract between the parties exists, the alleged "misrepresentation[] at the center of plaintiffs' claim is the contract itself," and damages sought are "the same economic losses arising from the alleged breach of contract."  *Multifamily Captive Grp., LLC v. Assur. Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009); *cf. Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988, 991 (2004) (noting "[w]here damages are purely economic, recovery may only be in contract" but permitting fraud claim because the representation at issue was "independent of [the] breach of contract").

Here, Plaintiff's intentional and negligent misrepresentation claims are based on the same theory underlying her breach-of-contract claim—that plaintiff did not receive the benefit of the bargain.  Compl. ¶¶ 74, 85, 98.  Because the alleged harm in these claims consists solely of economic losses, any recovery must be in contract, not tort.

### 2.    *Plaintiff Has Not Stated a Claim for Unjust Enrichment*

Plaintiff's unjust-enrichment (*i.e.*, quasi-contract) claim fails for two reasons.  First, unjust enrichment is not a standalone cause of action under California law.  "Unjust enrichment is not a cause of action, [ ] or even a remedy, but rather a general principle, underlying various legal doctrines and remedies." *McBride v. Boughton*, 123 Cal. App.

4th 379, 387 (2004) (internal quotation marks omitted). "It is synonymous with restitution." *Id.* If Plaintiff's underlying causes of action fail, a "claim for unjust enrichment cannot stand alone as an independent claim for relief." *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *5 (N.D. Cal. Dec. 17, 2009) (citing *Jogani v. Superior Ct.,* 165 Cal. App. 4th 901, 911 (2008)); *accord Ebner v. Fresh, Inc.,* 818 F.3d 799, 808 (9th Cir. 2016) (affirming dismissal of unjust-enrichment claim when underlying claims failed).

As shown above, there are no facts alleged that could trigger a right to restitution. With no viable underlying cause of action, her plea for unjust enrichment fails. *Oestreicher v. Alienware Corp.,* 544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489, 975 (9th Cir. 2009) (dismissing unjust-enrichment claim sounding in fraud because if the plaintiffs' fraud claims fail, they have "no basis for [their] unjust enrichment claim").

Second, the unjust-enrichment claim also fails because "a plaintiff may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid." *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 998 (N.D. Cal. 2020); *see also Rutherford Holdings, LLC v. Plaza Del Rey,* 223 Cal. App. 4th 221, 231 (2014) ("[A]n action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter."). Here, Plaintiff alleges she entered a contract with Trek for the sale of the Headband and does not contend that said contract is unenforceable or invalid. Her unjust-enrichment claim is therefore barred. *See, e.g., Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388–90 (2012), *as modified on denial of reh'g* (Feb. 24, 2012) (holding that plaintiffs are "precluded from asserting a quasi-contract" where "plaintiffs' breach of contract claim pleaded the existence of an enforceable agreement"); *Vizcarra v. Michaels Stores, Inc.*, No. 23-cv-00468-PCP, 2024 WL 64747, at *9 (N.D. Cal., Jan. 5, 2024) (dismissing unjust-enrichment claim alleging that "'false and misleading advertising' caused her to purchase [defendant's] products and 'pay a price premium" where the transaction formed a valid contract).

### 3.    The Court Should Also Dismiss Plaintiff's Contract Claim

Plaintiff's breach-of-contract claim fails both procedurally, for lack of a required notice, and substantively, because Plaintiff misconstrues the contract.

### a.    Plaintiff Failed to Provide the Required Pre-Suit Notice

Plaintiff's breach-of-contract claim is barred for failure to comply with the notice requirement imposed by California Commercial Code § 2607(3)(A), which mandates that the "buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." The Commercial Code applies here because Plaintiff alleges a contract for the sale of goods. *See* Cal. Com. Code § 2102.

California courts apply Section 2607(3)(A)'s requirement to bar breach-of-contract actions when, as here, the plaintiff fails to provide notice before the suit is filed. The purpose of the notice requirement is "to allow the seller the opportunity to repair the defective item, reduce damages, avoid defective products in the future, and negotiate settlements." *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 135, (2008); *see also id.* ("To recover on a breach of warranty claim, the buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of any breach or be barred from any remedy"). The buyer has the burden of alleging and proving reasonable notice. *Stearns v. Select Comfort Retail Corp.,* 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010) (citation omitted).

The Ninth Circuit has affirmed that California requires strict compliance with § 2607(3)(A): "The purpose of giving notice of breach is to allow the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court. ... This purpose would be completely undermined if it could be satisfied with the giving of post-suit notice." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011); *see also S. Cal. Stroke Rehab. Assocs. v. Nautilus, Inc.*, 554 F. App'x 656, 656 (9th Cir. 2014) (the purpose of the statutory requirement is to give the defendant an "opportunity [to repair] the defective item, reduc[e] damages, avoid[] defective products in the future, and negotiat[e]

settlements" (citations omitted)).

Here, Plaintiff does not allege—because she cannot—that she provided pre-suit notice of any alleged breach of contract. While she claims to have provided CLRA notice (Compl. ¶ 137), that notice letter did not mention any alleged breach of contract. "Absent from the CLRA letter are any facts, claims, or representations signaling Plaintiff's intent to bring breach of warranty or breach of contract claims." *Evans v. DSW, Inc.*, No. CV 16-3791 JGB (SPX), 2017 WL 7058232, at *5 (C.D. Cal. Sept. 14, 2017) (dismissing breach-of-contract claim with prejudice); *see also ChromaDex, Inc. v. Elysium Health, Inc.*, No. SACV1602277CJCDFMX, 2020 WL 1279236, at *4 (C.D. Cal. Jan. 16, 2020) (pre-suit notice "failed to satisfy the purpose of the notice statute" by allowing defendant the opportunity to "reduce damages, avoid defective products in the future, and negotiate settlements") (citation omitted). Her CLRA letter therefore could not have put Trek on notice of the alleged breach, and cannot satisfy Section 2607.

Because this deficiency cannot be cured, Plaintiff's breach-of-contract claim should be dismissed with prejudice. *Evans*, 2017 WL 7058232, at *5; *Alvarez*, 656 F.3d at 932 (affirming dismissal with prejudice where plaintiffs sent notice and complaint simultaneously).

### b.    Plaintiff's Breach-of-Contract Claim Misconstrues the Alleged Contract

Even if notice had been properly given, Plaintiff's contract claim fails because it is deficiently pled. A breach-of-contract claim "must allege the specific provisions in the contract creating the obligation the defendant is said to have breached." *In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1143–44 (C.D. Cal. 2021); *see In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 978–83 (N.D. Cal. 2016) (dismissing breach-of-contract claim where plaintiff did not identify provisions breached or allege facts showing any "implied contracts existed beyond vague, conclusory allegations" or "elaborate upon the nature and scope" of any such contracts).

Plaintiff alleges that Defendant's "offer" included a promise "that Defendant would

sell Plaintiff and the members of the Class products that have a market value equal to the reference prices displayed." Compl. ¶ 98. But she does not and cannot identify any term in the parties' sales contracts about the "market value" of the Headband Plaintiff agreed to purchase. *See Beecher v. Google N. Am. Inc.*, No. 18-CV-00753-BLF, 2018 WL 4904914, at *2 (N.D. Cal. Oct. 9, 2018) (dismissing breach-of-contract claim where no contractual term made the alleged promises); *King v. MKS Instruments, Inc.*, No. 8:17-cv-01572, 2017 WL 11636659, at *3 (C.D. Cal. Nov. 21, 2017) (same). Thus, Plaintiff's theory that the promised discount was a "material term" of the contract (Compl. ¶ 99) is unsupported and strains common sense. A contract cannot be interpreted to include a term to provide a specific discount to some unspecified "regular" price, rather than the listed price. *See Kim v. Carter's Inc.*, 598 F.3d 362, 364 (7th Cir. 2010) ("[I]t 'strains common sense' to conclude that the parties actually intended to apply the advertised 30% discount to some lower, undisclosed, regular price."). Where, as here, a retailer charges the agreed-upon price for the agreed-upon product, the buyer received the benefit of her bargain and there is no breach. *See, e.g.*, *id.* at 364 (finding no breach because, "[b]y charging this agreed price in exchange for ownership of the clothing, [defendant] gave the plaintiffs the benefit of their bargain"); *Shaulis v. Nordstrom Inc.*, 120 F. Supp. 3d 40, 55 (D. Mass. 2015) (same); *Ice v. Hobby Lobby Stores, Inc.*, No. 1:14CV744, 2015 WL 5731290, at *8 (N.D. Ohio 2015).

In any event, Plaintiff does not allege any facts to suggest that Trek delivered anything less than she expected. While she contends that Trek "fail[ed] to provide products that had a market value equal to the reference price displayed on its website," (Compl. ¶ 102), the fact that numerous retailers continue to offer the Headband for Trek's reference price says otherwise. Plaintiff received the promised discount and purchased the headband for $9.99, exactly as advertised.

///

///

///

### C.    Plaintiff's Claims for Equitable Relief Are Barred as a Matter of Law Because Plaintiff Has Not Adequately Pled that She Lacks an Adequate Remedy at Law

Plaintiff seeks several forms of equitable relief: restitution and injunctive relief under the UCL, FAL, CLRA, and UTPA, in addition to restitution under a standalone unjust-enrichment cause of action.[4]  She also seeks a legal remedy—damages—under her CLRA, contract, fraud, and negligent-misrepresentations claims. When a cause of action allows for multiple forms of relief, and one of them is barred as a matter of law, a court may dismiss or strike that prayer for relief under Rule 12(b)(6). *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

Here, Plaintiff cannot credibly allege a prerequisite to equitable relief:  that damages would be inadequate to remedy her alleged injuries.  Courts have long recognized the "axiomatic" principle that "equitable relief is not appropriate where an adequate remedy exists at law." *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992); *see also Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509 (1959) (citing cases).  "[T]o entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) (citation omitted), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, No. 22-987, 2023 WL 3937623 (U.S. June 12, 2023).

In the context of UCL and CLRA claims, the Ninth Circuit has repeatedly dismissed equitable-relief claims where the plaintiff failed to explain how damages are inadequate. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of motion to dismiss); *Guzman*, 49 F.4th at 1312; *In re Apple Processor Litig.*, No. 22-

---

[4] In seeking redress for a wrong, a litigant may obtain equitable or legal remedies. The "traditional" equitable remedy is an injunction. *eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006); *see also Zapata Fonseca v. Goya Foods Inc.*, No. 16-CV-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016).  The "traditional" legal remedy is monetary damages. *Curtis v. Loether*, 415 U.S. 189, 196 (1974).

16164, 2023 WL 5950622, at *2 (9th Cir. 2023). The same principle applies to unjust enrichment claims. *Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1157 (N.D. Cal. 2021) (dismissing quasi-contract claim because "under *Sonner*, a quasi-contract claim cannot survive a motion to dismiss unless the proponent adequately pleads that no legal remedy exists"). "Under *Sonner*, [Plaintiff] [is] required, at a minimum, to plead that [she] lack[s] an adequate remedy at law, which [Plaintiff] ha[s] not done." *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020); *see also Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1122 (C.D. Cal. 2021) (same; collecting cases).

So too here. Plaintiff alleges a purely economic injury: allegedly paying too much for the Headband. In that context, there is no reason money damages would not make her whole. *See, e.g., In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) ("[b]ecause Plaintiffs' claims rest on their alleged overpayments and Apple's failure to issue refunds, the Court finds that monetary damages would provide an adequate remedy for the alleged injury."). After all, "lost money is the exact type of harm that money damages can adequately remedy." *Wu v. iTalk Glob. Commc'ns, Inc.*, No. 2:20-cv-07150, 2021 WL 5176799, at *3 (C.D. Cal. Feb. 2, 2021).

Not only has Plaintiff failed to plead that damages are inadequate, but she also has not offered "any related argument, such as showing that restitution under the CLRA or UCL would be more certain, prompt, or efficient than the legal remedies" requested. *Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2021 WL 3487117, at *12 (N.D. Cal. Aug. 9, 2021); *see also Gibson v. Jaguar Land Rover N. Am.*, *LLC*, No. 2:20-cv-00769, 2020 WL 5492990, at *3 (C.D. Cal. Sep. 9, 2020) (same; "there is nothing in the SAC to suggest that monetary damages would not make Plaintiffs or the putative class whole").

"[S]ince Plaintiff[] [has] not pled that [she] lack[s] an adequate remedy at law, all [her] equitable claims, including those for restitution and prospective injunctive relief, fail." *Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1014 (N.D. Cal. 2021) ("plaintiffs must allege some facts suggesting that damages are insufficient to make them whole when seeking equitable relief") (internal quotation marks omitted).

### D.    In the Alternative, the Court Should Strike Plaintiff's Nationwide Claims for Lack of Personal Jurisdiction

Plaintiff's nationwide class claims ask the Court to exercise personal jurisdiction over out-of-state plaintiffs whose claims have no ties to California.  The Court lacks personal jurisdiction over those claims and should therefore strike or dismiss the nationwide class allegations under Rule 12(b)(2) for lack of personal jurisdiction.

The personal-jurisdiction question here is narrow.  Trek does not challenge the Court's jurisdiction over Plaintiff's individual claims or her claims on behalf of a putative California class.  Instead, the question is whether the Court has specific personal jurisdiction over out-of-state purchasers' claims.

As the party asserting jurisdiction, Plaintiff bears the burden of establishing it. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003).  To do so, she must show both the forum state's long-arm statute confers personal jurisdiction over the out-of-state defendants and the exercise of jurisdiction does not violate federal constitutional principles of due process.  *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990).  Here, those inquiries collapse because "California's long-arm statute is coextensive with federal due process." *Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662 (9th Cir. 2018).

The Court lacks general personal jurisdiction, because Trek is not "at home" here. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069–70 (9th Cir. 2015).  Instead, Trek is based and incorporated in Wisconsin.  Compl. ¶ 10.

The Court also lacks specific personal jurisdiction over out-of-state class members' claims.  Specific personal jurisdiction requires an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (internal citations omitted).  Thus, courts lack specific jurisdiction when (as here) the plaintiff, the defendant, and the related conduct are all out-of-state. *Id.* at 267.  And crucially, *each* litigant's claim must arise from the defendant's

forum-related activities.  *Id.*  That is simply not the case for the members of Plaintiff's putative nationwide class: non-Californians who purchased products outside of California from an out-of-state retailer.

*Matus v. Premium Nutraceuticals* is instructive.  There, the court held that federal courts in California lack specific jurisdiction over a California consumer's nationwide false-advertising claims based on a Georgia-based defendant's website.  *Matus*, 715 F. App'x at 663.  Because the defendant published the at-issue advertising nationwide from Georgia, the advertisements were neither purposefully directed toward California nor arising out of the company's California-related activities.  *Id.*  The same is true here: out-of-state class members' claims concerns purchases made on Trek's U.S. website (from outside of California).  The connection to California required to support specific personal jurisdiction simply does not exist.  *Bristol-Myers Squibb*, 582 U.S. at 265 (no specific jurisdiction over claims of nonresident plaintiffs against nonresident defendant).  Were the rule otherwise, "every online advertiser worldwide [could] be haled into California" to face suit.  *Matus*, 715 F. App'x at 663.

This rule applies to nationwide class actions, as *Carpenter*, 441 F. Supp. 3d 1028, recognized.  Addressing a putative nationwide class action pursuing common-law claims, the court recognized that the specific-jurisdiction question "is 'defendant-focused,' with an emphasis 'on the relationship among the defendant, the forum, and the litigation.'"  *Id.* at 1031, 1035 (quoting *Matus*, 715 App'x at 662).  Because the claims centered on purchases outside of California by non-California residents from a non-California company, the court recognized that the attenuated relationship among the defendant, the forum, and the claims did not support specific jurisdiction.  *Id.* at 1036.[5]  Likewise, because Trek is not subject

---

[5] Some cases have held otherwise.  *Id.* at 1034–35.  But as *Carpenter* explains, the better-reasoned approach is to apply *Bristol-Myers Squibb* to nationwide class actions centered on out-of-state conduct.  *Id.* at 1035–36; *Zuehlsdorf v. FCA US LLC*, No. EDCV 18-1877 JGB (KKX), 2019 WL 2098352, at *14–15 (C.D. Cal. Apr. 30, 2019) (applying *Bristol-Myers Squibb* to nationwide class claims); *see also Reitman v. Champion Petfoods USA, Inc.*, No. CV181736DOCJPRX, 2018 WL 4945645, at *6 (C.D. Cal. Oct. 10, 2018) (no

to general jurisdiction in California or specific jurisdiction with respect to non-California putative class members, the Court should strike the allegations regarding a nationwide class from the Complaint.

## V.  CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims in their entirety.

Dated:  May 14, 2025                              Respectfully submitted,


                                                  *s/ Meegan B. Brooks*
                                                  STEPHANIE SHERIDAN (CA 135910)
                                                  CHRISTOPHER STRETCH (CA 166752)
                                                  MEEGAN B. BROOKS (CA 298570)
                                                  NICOLETTE SHAMSIAN (CA 341466)
                                                  Benesch, Friedlander, Coplan & Aronoff LLP

                                                  Attorneys for Defendant
                                                  TREK BICYCLE CORPORATION

---

personal jurisdiction over out-of-state plaintiffs seeking to represent state-specific subclasses); *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-CV-06391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018) (same).