Stephanie Sheridan (CA 135910)
Christopher Stretch (CA 166752)
Meegan B. Brooks (CA 298570)
Nicolette Shamsian (CA 341466)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Facsimile:  628.221.5828
ssheridan@beneschlaw.com
cstretch@beneschlaw.com
mbrooks@beneschlaw.com
nshamsian@beneschlaw.com

Attorneys for Defendant
TREK BICYCLE CORPORATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN CROWE, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TREK BICYCLE CORPORATION,<br><br>Defendants. | Case No. 1:25-cv-00133-KES-BAM<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:         August 4, 2025<br>Time:        1:30 p.m.<br>Courtroom:   6<br>Judge:       Hon. Kirk E, Sherriff |

Defendant Trek Bicycle Corporation ("Trek") respectfully requests pursuant to Federal Rule of Evidence 201 that the Court take judicial notice of the following facts in consideration of Defendant's concurrently-filed Motion to Dismiss.

1. **Exhibit A:** The fact that at least seven third party retailers are selling the Bontrager Thermal Cycling Headband for $20.99 or more, as listed on the publicly-available product pages from the following websites:

   a. Breakaway Bicycles: https://www.breakawaybicycles.com/product/bontrager-thermal-cycling-headband-367266-1.htm

   b. BikeSport: https://www.bikesportbikes.com/product/bontrager-thermal-cycling-headband-367266-1.htm

   c. Southwest Bicycles: https://www.southwestbicycles.com/product/bontrager-thermal-cycling-headband-367266-1.htm?srsltid=AfmBOoo8GNqv4KUaC10XG5Rcp5362NNKC6pd_l_SvxBHRoYxa0t_bnAa17k

   d. Skagit Cycle Center: https://www.skagitcyclecenter.com/product/bontrager-thermal-cycling-headband-367266-1.htm?srsltid=AfmBOoqnGyc3rpSwoXhGSMjWWkz9FD-XA1FrW_5kQTbdYAHvlbwuDY3s1wI

   e. Holmes Cycling: https://www.holmescycling.com/product/bontrager-thermal-cycling-headband-367266-1.htm

   f. World of Wheels: https://www.wowbikes.net/product/bontrager-thermal-cycling-headband-367266-1.htm

   g. Sunnyside Sports: https://www.sunnysidesports.com/product/bontrager-thermal-cycling-headband-367266-1.htm

The screenshots attached as Exhibit A were taken on May 14, 2025.

2. **Exhibit B**: Trek's publicly available return policy, available at https://www.trekbikes.com/us/en_US/trek-returns/. The screenshot attached as Exhibit B

was taken on May 14, 2025.

    **3.**    **Exhibit C**:   Opinion No. 57-126 from the *Opinions of the Attorney General of California*, Volume 30 (July–December 1957).

Rule 201 permits courts to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995).

Exhibit A is a true and correct copy of the product description pages from various retailers for the Bontrager Thermal Cycling Headband, which Plaintiff purchased from Trek on October 12, 2024; and Exhibit B is a true and correct copy of Trek's return policy. Judicial notice of each is appropriate because they are publicly available webpages whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2). The existence and authenticity of the facts in each are not reasonably subject to dispute and therefore are properly the subject of judicial notice. *See In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014) ("We may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, including court filings and other matters of public record.") (internal quotation and citations omitted); *Brown v. Google, LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of a website's privacy policy and webpages); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.,* 445 F. Supp. 3d 139, 145–46 (N.D. Cal. 2020) (taking judicial notice of webpage screenshots of the websites of third parties not involved in the lawsuit); *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1323 (C.D. Cal. 2023) (taking judicial notice of third-party website for the purpose of establishing that the statements in the website were made); *2Die4Kourt v. Hillair Cap. Mgmt., LLC*, No. 16-cv-1304-JVS-DFM, 2016 WL 4487895, at *1 n.1 (C.D. Cal. Aug. 23, 2016) (taking judicial notice of thirty-four online news articles and social media posts "solely for their existence and content").

The document attached as Exhibit C is a report of the California Attorney General's

office, which constitutes an official act of an executive department of the State of California. It is therefore subject to judicial notice under Federal Rule of Evidence 201, which permits courts to take notice of facts that are not subject to reasonable dispute and can be readily determinable from accurate sources, including public government records. *See Holder v. Holder,* 305 F.3d 854, 866 (9th Cir.2002) (taking judicial notice of court documents already in the public record and documents filed in other courts); *Caldwell v. Wells Fargo Bank, N.A.*, No. 13-CV-01344-LHK, 2014 WL 789083, at *2 (N.D. Cal. Feb. 26, 2014) (taking judicial notice of "documents reflecting official acts of the executive department of the State of California"); *Flower Sisters LLC v. Great Am. Ins. Co.*, No. EDCV201294DMGSPX, 2021 WL 4472904, at *1 (C.D. Cal. May 20, 2021) (same); *W. Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Companies*, 498 F. Supp. 3d 1233, 1237 (C.D. Cal. 2020) (same).

Dated:  May 14, 2025                                           Respectfully submitted,


<u>s/ Meegan B. Brooks</u>
STEPHANIE SHERIDAN (CA 135910)
CHRISTOPHER STRETCH (CA 166752)
MEEGAN B. BROOKS (CA 298570)
NICOLETTE SHAMSIAN (CA 341466)
Benesch, Friedlander, Coplan & Aronoff LLP


Attorneys for Defendant
TREK BICYCLE CORPORATION